# Exhibit 1

**SUMMONS - CIVIL**
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 235 Church Street, new Haven, CT 06511 | ( 203 ) 503-6800 | December | 17 | 2 019 |
| | | Month | Day | Year |

| ☒ Judicial District | ☐ G.A. | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | Number: | New Haven | Major: C | Minor: 20 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Daniel J. Seiden, Williams, Walsh, & O'Connor, LLC, 37 Broadway, North Haven, CT 06473 | 421162 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 234-6333 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes | ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* dseiden@wwolaw.com |
|---|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Swift Half, LLC<br>Address: 100 South End Road, New Haven, CT 06512 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: American Automobile Insurance Company, 225 W. Washington Street, Suite 1800, Chicago, IL 60606<br>Address: AOS: Commissioner Connecticut Insurance Department, 153 Market Street, Hartford, CT 06103 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Daniel J. Seiden, Esq. | Date signed<br>11/21/2019 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|
| | | | |

**Instructions**

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

    (a) Family matters (for example divorce, child support,
        custody, paternity, and visitation matters)
    (b) Summary Process actions
    (c) Applications for change of name
    (d) Probate appeals
    (e) Administrative appeals

    (f) Proceedings pertaining to arbitration
    (g) Any actions or proceedings in which an attachment,
        garnishment or replevy is sought
    (h) Entry and Detainer proceedings
    (i) Housing Code Enforcement actions

---

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

---

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 90 | All other | | | |
| Eminent Domain | E 00 | State Highway Condemnation | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 03 | Defective Premises - Private - Other |
| | E 20 | Other State or Municipal Agencies | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 12 | Defective Premises - Public - Other |
| | E 90 | All other | | T 20 | Products Liability - Other than Vehicular |
| | | | | T 28 | Malpractice - Medical |
| Miscellaneous | M 00 | Injunction | | T 29 | Malpractice - Legal |
| | M 10 | Receivership | | T 30 | Malpractice - All other |
| | M 20 | Mandamus | | T 40 | Assault and Battery |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | T 50 | Defamation |
| | M 40 | Arbitration | | T 61 | Animals - Dog |
| | M 50 | Declaratory Judgment | | T 69 | Animals - Other |
| | M 63 | Bar Discipline | | T 70 | False Arrest |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | T 71 | Fire Damage |
| | M 68 | Bar Discipline - Inactive Status | | T 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 83 | Small Claims Transfer to Regular Docket | | V 05 | Motor Vehicles* - Property Damage only |
| | M 84 | Foreign Protective Order | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 90 | All other | | V 09 | Motor Vehicle* - All other |
| Housing | H 10 | Housing  - Return of Security Deposit | | V 10 | Boats |
| | H 12 | Housing  - Rent and/or Damages | | V 20 | Airplanes |
| | H 40 | Housing  - Audita Querela/Injunction | | V 30 | Railroads |
| | H 50 | Housing  - Administrative Appeal | | V 40 | Snowmobiles |
| | H 60 | Housing  - Municipal Enforcement | | V 90 | All other |
| | H 90 | Housing  - All Other | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | | | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | | | | W 90 | All other |

RETURN DATE: DECEMBER 17, 2019     :     SUPERIOR COURT

SWIFT HALF LLC     :     J.D. OF NEW HAVEN

V.     :     AT NEW HAVEN

AMERICAN AUTOMOBILE INSURANCE
COMPANY     :     NOVEMBER 21, 2019

## COMPLAINT

## FIRST COUNT (BREACH OF CONTRACT):

1. At all times mentioned herein, the Plaintiff, Swift Half, LLC ("Swift Half"), was a limited liability company registered to do business in the State of Connecticut.

2. At all times mentioned herein, Swift Half rented premises located at 630 Washington Avenue, North Haven, Connecticut (the "Premises") wherein it operated a restaurant and bar establishment.

3. At all times mentioned herein, the Defendant, American Automobile Insurance Company ("AAIC") was and is an insurance company authorized to do and doing business in the State of Connecticut.

4. At all times mentioned herein, the Plaintiff was insured under a commercial business and property insurance policy bearing the Policy # SAM 2002351-18 (the "Insurance Policy") that was in effect from April 3, 2018 through April 3, 2019 providing insurance coverage from the Defendant, including coverage for business income loss and fire damage loss, among other coverages, including Damages to Premises Rented by the Plaintiff as a result of fire.

5. On or about June 21, 2018, also hereinafter referred to as the Date of Loss, a small fire damaged the interior of the Premises of the Swift Half restaurant and bar located at 630

Washington Avenue, North Haven, Connecticut. The fire and subsequent damage caused Swift Half to close and stop operations until the fire damage could be repaired.

6. Subsequent to June 21, 2018, the Fire Marshal for North Haven Connecticut conducted an investigation of the cause of the fire and determined the cause of the fire to have been due to an oven inside the restaurant being too close to a wall inside the Premises, causing the interior of the wall to smolder and ignite. The Fire Marshal concluded that the fire was a result of Swift Half's negligence in the placement of the oven in close proximity to the wall. A copy of the Fire Marshal report was provided to the Defendant in June or July 2019 at the time it was made available to the Plaintiff.

7. At all times mentioned herein, including on June 21, 2018, the Plaintiff had fulfilled and performed all the payments, terms, conditions, and requirements of the Insurance Policy required of the Plaintiff to the Defendant.

8. Immediately after the fire inside Swift Half on June 21, 2018, the Plaintiff notified the Defendant and/or Defendant's employees, agents, staff, and/or representatives of the fire and interior damages to the Premises.

9. The Defendant, by and through its employees, agents, staff, and/or representatives failed and refused to take action to remedy the damaged Premises in a timely fashion.

10. The Defendant, by and through its employees, agents, staff, and/or representatives denied that the Insurance Policy covered losses or damages to the structure of the Premises and refused to cover or pay for repairs to the Premises for a period of over eight (8) months after the Date of Loss, thus preventing the Plaintiff from being able to reopen its business during that entire time.

11. The Defendant, to date, has not paid the Plaintiff in full for its losses and damages, thereby breaching the above referenced policy for insurance.

12. The Defendant, by and through its employees, agents, staff, and/or representatives further breached the above referenced policy for insurance when it failed to properly investigate and/or take action to protect and properly insure the Plaintiff pursuant to the above referenced policy causing the Plaintiff to suffer harm and damages.

13. As a result of the Defendant's conduct as set forth herein, the Defendant has breached its insurance contract with the Plaintiff, wrongfully withheld money due to the Plaintiff, and wrongfully denied, refused, and/or otherwise failed to act to repair the Premises in a timely fashion, thereby causing the Plaintiff:

   a.  Loss of use of its insurance benefits;

   b.  Loss of use of its business Premises;

   c.  Loss of business income;

   d.  Loss of investment into the business;

   e.  Monetary damages;

   f.  Incur legal fees and expenses as a result of legal action taken by the Plaintiff's Landlord against the Plaintiff, and

   g.  Incur legal fees and expenses in an attempt to enforce the terms of the insurance policy.

## SECOND COUNT (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

1-12. Paragraphs 1-12 of the First Count are hereby incorporated and made corresponding Paragraphs 1 through 12 of this Second Count as if fully incorporated herein.

WILLIAMS, WALSH & O-CONNOR, LLC
37 BROADWAY, FIRST FLOOR ≥NORTH HAVEN, CONNECTICUT 06473-2304
TELEPHONE: (203) 234-SPPP≥FACSIMILE: (203) 234-SPPM≥JURIS NO. 421162

13.    At all relevant times mentioned herein, the Defendant, as party to the contract for insurance purchased by the Plaintiff, was under an obligation to act in good faith and fair dealing with the Plaintiff with respect to claims submitted for insurance coverage under the Insurance Policy to the Defendant.

14.    The Defendant acted in bad faith and breached its duty of good faith and fair dealing owed to the Plaintiff in connection with the handling of the Plaintiff's claim for insurance benefits as a result of the June 21, 2018 fire incident in one or more of the following ways:

    a.    The Defendant, in its own right and through its agents, servants, representatives, and/or employees breached its duty to investigate, adjust, and/or negotiate the Plaintiff's claim for insurance coverage;

    b.    The Defendant, in it its own right and through its agents, servants, representatives, and/ or employees failed to properly and timely investigate the Plaintiff's claims for insurance coverage;

    c.    The Defendant, in it its own right and through its agents, servants, representatives, and/or employees misled the Plaintiff and Plaintiff's representatives into believing the Plaintiff's claim would be timely paid and repairs made to the Premises when the Defendant had no intent of timely paying or covering repairs to the Premises;

    d.    The Defendant, in its own right and through its agents, servants, representatives, and/or employees failed to advise the Plaintiff in a timely fashion of the basis and reason that the Defendant would deny the Plaintiff's claim for insurance coverage;

WILLIAMS, WALSH & O·CONNOR, LLC
37 BROADWAY, FIRST FLOOR ≥NORTH HAVEN, CONNECTICUT 06473-2304
TELEPHONE: (203) 234-SPP≥FACSIMILE: (203) 234-SPP≥JURIS NO. 421162

e.      The Defendant, in its own right and through its agents, servants, representatives, and/ or employees denied the Plaintiff's claim for insurance coverage in whole or in part when the Defendant had no good faith basis to do so;

f.      The Defendant, in its own right and through its agents, servants, representatives, and/or employees made numerous and repeated requests for information and materials from the Plaintiff falsely leading the Plaintiff to believe the Plaintiff's claims would be covered by the Defendant;

g.      The Defendant, in its own right and through its agents, servants, representatives, and/or employees made numerous and repeated requests for information and materials from the Plaintiff, despite having already been previously provided with the same materials from the Plaintiff in an attempt to delay or otherwise deflect coverage for the Plaintiff's claims;

h.      The Defendant, in its own right and through its agents, servants, representatives, and/or employees made representations to the Plaintiff that it would take action to resolve the Plaintiff's claims for insurance coverage with the Plaintiff's landlord's insurance company when in fact the Defendant never did or intended to fully do so;

i.      The Defendant, in its own right and through its agents, servants, representatives, and/or employees delayed and otherwise attempt to deflect insurance coverage in an attempt to avoid covering the losses and damages;

j.      The Defendant, in its own right and through its agents, servants, representatives, and/or employees purposely and intentionally failed to

WILLIAMS, WALSH & O∘CONNOR, LLC
37 BROADWAY, FIRST FLOOR ≥ NORTH HAVEN, CONNECTICUT 06473-2304
TELEPHONE: (203) 234-SPPM ≥ FACSIMILE: (203) 234-SPPM ≥ JURIS NO. 421162

disclose material information to the Plaintiff and intentionally failed to advise the Plaintiff of the basis and reason of the Defendant having denied the Plaintiff's claim;

k.  The Defendant, in its own right and through its agents, servants, representatives, and/or employees purposely and intentionally failed to disclose material information to the Plaintiff and intentionally failed to advise the Plaintiff of the basis and reason of the Defendant having denied the Plaintiff's claim in a timely manner;

l.  The Defendant, in its own right and through its agents, servants, representatives, and/or employees purposefully cited to irrelevant and inapplicable policy language in an attempt to confuse, misdirect, and frustrate the Plaintiff in pursuing Plaintiff's claim with the ultimate goal to ultimately exclude coverage to the Plaintiff.

15.  The Defendant's actions, as more fully set forth below, set forth those particular facts and allegations that the Defendant acted in bad faith towards the Plaintiff in connection with the handling of the Plaintiff's claims, as follows:

a.  On or about June 21, 2018 a fire incident occurred within the leased Premises of the Plaintiff's restaurant and bar located at 630 Washington Avenue, North Haven, Connecticut.

b.  Immediately after the fire incident at the Premises, the Plaintiff notified the Defendant through Defendant's agents, servants, representatives, and/or employees of the fire incident and requested for insurance coverage for the damages and repairs;

c.    Upon receipt of the Fire Marshal's report outlining the Fire Marshal's conclusion about the cause of the start of the fire the Plaintiff provided the Fire Marshal's report to the Defendant;

d.    On or about June 29, 2018, a copy of the Plaintiff's Lease for the Premises was provided to the Defendant wherein said Lease explicitly stated that Swift Half, as the Tenant, was responsible for repairs and maintenance due to "damages caused by the negligent acts of Tenant and/or Tenant's agents or invitees."

e.    On or about July 16, 2018, estimates for the costs of repairs to the damaged Premises were provided by a contractor to the Defendant.

f.    On or about August 7, 2018, the Defendant, by and through its agents, representatives, and/or employees, contrary to the language of the Insurance Policy, stated via email that repairs to the damaged Premises would not be covered, but the Defendant did not provide a Declination of Coverage letter.

g.    On or about August 20, 2018, the Plaintiff requested a declination of coverage benefits from the Defendant with respect to whether the Defendant would or would not cover the repairs to the damaged Premises.

i.    On or about August 21, 2018, the Defendant, by and through its agents, representatives, and/or employees requested the information for the Landlord of the Premises and/or the Landlord's insurance carrier's information, stating that the Defendant would contact the Landlord's insurance carrier in an effort to resolve the claim for the damaged Premises.

WILLIAMS, WALSH & O·CONNOR, LLC
37 BROADWAY, FIRST FLOOR ≥ NORTH HAVEN, CONNECTICUT 06473-2304
TELEPHONE: (203) 234-SPPM≥FACSIMILE: (203) 234-SPPM≥JURIS NO. 421162

j.  On or about August 28, 2018, the Plaintiff provided the name of the Landlord and Landlord's insurance representative to the Defendant.

k.  Upon information and belief, the Defendant never contacted any person or representative on behalf of the Landlord or any insurance representative of the Landlord in an effort to resolve the issue of repairing damages to the Premises.

l.  On or about October 16, 2018, the Defendant by and through its agents, representatives, and/or employees sent a letter to the Plaintiff, contrary to the language of the Insurance Policy, stating that insurance coverage would not be provided for covering the costs of repairs to the damaged Premises, stating, "Damage sustained to the wall located within your leased premises, which is believed to be the area or origination of the fire is not considered covered property as you do not have an insurable interest in the damaged wall, per your lease agreement. As is explained more thoroughly herein, we conclude the claim does not fall within the scope of coverage of the Policy."

m.  Upon information and belief, on or about October 30, 2018, the insurance carrier for the Landlord of the Premises attempted to contact the Defendant by and through the Defendant's agents, representatives, and/or employees to attempt to discuss resolution of the damages to the rented Premises.

n.  Upon information and belief, the Defendant failed to timely respond to the Landlord's insurance carrier and thus subjected the Plaintiff to claims for damages by the Landlord against the Plaintiff.

WILLIAMS, WALSH & O-CONNOR, LLC
37 BROADWAY, FIRST FLOOR ≥ NORTH HAVEN, CONNECTICUT 06473-2304
TELEPHONE: (203) 234-SPPP ≥ FACSIMILE: (203) 234-SPPP ≥ JURIS NO. 421162

o.  On or about November 13, 2018, the Plaintiff's Landlord for the rented Premises sent correspondence to the Plaintiff indicating that the Landlord would be initiating a claim against Swift Half, LLC for damages caused to the rented Premises as a result of a fire, noting in the letter, "We understand that you tendered our claim against you to your insurance company, however your insurer has failed to properly respond to date. Due to the lack of response, our insurance agent contacted Bill Harris of Specialty Insurance Agency on 10/30/2018 to clarify the nature of our claim, however Mr. Harris chose not to acknowledge the claim, despite being put on constructive notice. Specialty Insurance Agency on behalf of your general liability carrier is well aware of your liability for this claim. However, Mr. Harris' inaction constitutes a delay of payment of this claim on your behalf despite liability being clearly established against you for the claim. As a result of Mr. Harris' refusal to take proper action in response to our claim against you, damages are continuing to incur for which we will be seeking reimbursement."

p.  On or about November 19, 2018, the Defendant, by and through its agents, representatives, and/or employees, sent correspondence to the Plaintiff's Landlord stating, "The policy with American Automobile Insurance Company extends coverage for fire damage sustained to the building in the amount of $100,000 for premises rented to our insured, for any one fire, provided our insured is found to have been negligent in causation of the fire."

q.   On or about December 19, 2018, the Defendant, by and through its agents, representatives, and/or employees, sent correspondence to the Plaintiff stating that "repairs should have been completed within 3 weeks of the date of loss," but provided no other information about insurance coverage for effectuating or otherwise covering the costs of repairs.

r.   On or about February 4, 2019, the Landlord for the rented Premises initiated an action for Summary Process Eviction of the Plaintiff from the rented Premises.

s.   On or about February 22, 2019, the Defendant, by and through its agents, representatives, and/or employees attempted to offer a settlement with the Plaintiff in the amount of $7,003.79 for "business income loss", an amount wholly and knowingly inadequate to cover the losses suffered by the Plaintiff.

t.   By February 22, 2019, the Plaintiff had been evicted from the Premises, had lost all good will of business with its customers, had lost all staff, had lost all inventory, and was not able to reopen its business due to the Defendant's actions with respect to the handling of the Plaintiff's claim.

16.   The aforementioned actions of the Defendant, by and through the Defendant's agents, representatives, and/or employees, were done purposefully and intentionally by citing irrelevant and inapplicable insurance policy language, citing irrelevant and inapplicable exclusionary insurance policy language, making numerous and repeated requests for materials and information already provided to or otherwise in the Defendant's possession, attempted to confuse and commingle insurance policy

WILLIAMS, WALSH & O∙CONNOR, LLC
37 BROADWAY, FIRST FLOOR ≥ NORTH HAVEN, CONNECTICUT 06473-2304
TELEPHONE: (203) 234-SPPP ≥ FACSIMILE: (203) 234-SPPM ≥ JURIS NO. 421162

language in an attempt to deny insurance coverage, and failed to take the necessary actions to timely and appropriately attend to the Plaintiff's claims for insurance coverage.

17.     As a direct and proximate result of the Defendant's wrongful conduct and bad faith with respect to handling the Plaintiff's claim, the Plaintiff suffered harm and damages, including, but not limited to, monetary damages, complete loss of business, loss of inventory, loss of investment, and having to defend itself as a party to adverse legal action against the Plaintiff by Plaintiff's Landlord.


## THIRD COUNT (VIOLATION OF CUTPA/ CUIPA)

1-12. Paragraphs 1-12 of the Second Count are hereby incorporated and made corresponding Paragraphs 1 through 12 of this Third Count as if fully incorporated herein.

13.     Pursuant to Connecticut General Statutes 42-110a, the Plaintiff, at all relevant times mentioned herein, is a consumer.

14.     Pursuant to Connecticut General Statutes 42-110a, the Defendant is a person or entity engaged in trade or commerce.

15.     At all times mentioned herein, the Defendant, in its own right and through its agents, servants, representatives, and/or employees, as the insurance carrier for the Plaintiff, was prohibited from engaging in unfair and deceptive acts or practices in the conduct of its business.

16.     The Defendant, throughout the course of handling the claim for insurance coverage submitted by the Plaintiff for damages caused as a result of a fire inside the rented

Premises, engaged in deceptive, oppressive, unethical, immoral and unscrupulous conduct in the course of its business with the Plaintiff in direct violation of Connecticut Unfair Trade Practices Act as follows:

a.  The Defendant, in its own right and through its agents, servants, representatives, and/or employees breached its duty to investigate, adjust, and/or negotiate the Plaintiff's claim for insurance coverage;

b.  The Defendant, in it its own right and through its agents, servants, representatives, and/ or employees failed to properly and timely investigate the Plaintiff's claims for insurance coverage;

c.  The Defendant, in it its own right and through its agents, servants, representatives, and/or employees misled the Plaintiff and Plaintiff's representatives into believing the Plaintiff's claim would be timely paid and repairs made to the Premises when the Defendant had no intent of timely paying or covering repairs to the Premises;

d.  The Defendant, in its own right and through its agents, servants, representatives, and/or employees failed to advise the Plaintiff in a timely fashion of the basis and reason that the Defendant would deny the Plaintiff's claim for insurance coverage;

e.  The Defendant, in its own right and through its agents, servants, representatives, and/ or employees denied the Plaintiff's claim for insurance coverage in whole or in part when the Defendant had no good faith basis to do so;

f.     The Defendant, in its own right and through its agents, servants, representatives, and/or employees made numerous and repeated requests for information and materials from the Plaintiff falsely leading the Plaintiff to believe the Plaintiff's claims would be covered by the Defendant;

g.     The Defendant, in its own right and through its agents, servants, representatives, and/or employees made numerous and repeated requests for information and materials from the Plaintiff, despite having already been previously provided with the same materials from the Plaintiff in an attempt to delay or otherwise deflect coverage for the Plaintiff's claims;

h.     The Defendant, in its own right and through its agents, servants, representatives, and/or employees made representations to the Plaintiff that it would take action to resolve the Plaintiff's claims for insurance coverage with the Plaintiff's landlord's insurance company when in fact the Defendant never did or intended to fully do so;

i.     The Defendant, in its own right and through its agents, servants, representatives, and/or employees delayed and otherwise attempt to deflect insurance coverage in an attempt to avoid covering the losses and damages;

j.     The Defendant, in its own right and through its agents, servants, representatives, and/or employees purposely and intentionally failed to disclose material information to the Plaintiff and intentionally failed to advise the Plaintiff of the basis and reason of the Defendant having denied the Plaintiff's claim;

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY, FIRST FLOOR ≥ NORTH HAVEN, CONNECTICUT 06473-2304
TELEPHONE: (203) 234-SPP≥ FACSIMILE: (203) 234-SPP≥ JURIS NO. 421162

k.      The Defendant, in its own right and through its agents, servants, representatives, and/or employees purposely and intentionally failed to disclose material information to the Plaintiff and intentionally failed to advise the Plaintiff of the basis and reason of the Defendant having denied the Plaintiff's claim in a timely manner;

l.      The Defendant, in its own right and through its agents, servants, representatives, and/or employees purposefully cited to irrelevant and inapplicable policy language in an attempt to confuse, misdirect, and frustrate the Plaintiff in pursuing Plaintiff's claim with the ultimate goal to ultimately exclude coverage to the Plaintiff.

17.    The Defendant's actions, as more fully set forth below, set forth those particular facts and allegations that constitute deceptive, oppressive, unethical, immoral, and unscrupulous conduct by the Defendant in connection with the handling of the Plaintiff's claims, as follows:

a.      On or about June 21, 2018 a fire incident occurred within the leased Premises of the Plaintiff's restaurant and bar located at 630 Washington Avenue, North Haven, Connecticut.

b.      Immediately after the fire incident at the Premises, the Plaintiff notified the Defendant through Defendant's agents, servants, representatives, and/or employees of the fire incident and requested for insurance coverage for the damages and repairs;

c.      Upon receipt of the Fire Marshal's report outlining the Fire Marshal's conclusion about the cause of the start of the fire the Plaintiff provided the Fire Marshal's report to the Defendant;

d.      On or about June 29, 2018, a copy of the Plaintiff's Lease for the Premises was provided to the Defendant wherein said Lease explicitly stated that Swift Half, as the Tenant, was responsible for repairs and maintenance due to "damages caused by the negligent acts of Tenant and/or Tenant's agents or invitees."

e.      On or about July 16, 2018, estimates for the costs of repairs to the damaged Premises were provided by a contractor to the Defendant.

f.      On or about August 7, 2018, the Defendant, by and through its agents, representatives, and/or employees, contrary to the language of the Insurance Policy, stated via email that repairs to the damaged Premises would not be covered, but the Defendant did not provide a Declination of Coverage letter.

g.      On or about August 20, 2018, the Plaintiff requested a declination of coverage benefits from the Defendant with respect to whether the Defendant would or would not cover the repairs to the damaged Premises.

i.      On or about August 21, 2018, the Defendant, by and through its agents, representatives, and/or employees requested the information for the Landlord of the Premises and/or the Landlord's insurance carrier's information, stating that the Defendant would contact the Landlord's insurance carrier in an effort to resolve the claim for the damaged Premises.

j.   On or about August 28, 2018, the Plaintiff provided the name of the Landlord and Landlord's insurance representative to the Defendant.

k.   Upon information and belief, the Defendant never contacted any person or representative on behalf of the Landlord or any insurance representative of the Landlord in an effort to resolve the issue of repairing damages to the Premises.

l.   On or about October 16, 2018, the Defendant by and through its agents, representatives, and/or employees sent a letter to the Plaintiff, contrary to the language of the Insurance Policy, stating that insurance coverage would not be provided for covering the costs of repairs to the damaged Premises, stating, "Damage sustained to the wall located within your leased premises, which is believed to be the area or origination of the fire is not considered covered property as you do not have an insurable interest in the damaged wall, per your lease agreement. As is explained more thoroughly herein, we conclude the claim does not fall within the scope of coverage of the Policy."

m.   Upon information and belief, on or about October 30, 2018, the insurance carrier for the Landlord of the Premises attempted to contact the Defendant by and through the Defendant's agents, representatives, and/or employees to attempt to discuss resolution of the damages to the rented Premises.

n.   Upon information and belief, the Defendant failed to timely respond to the Landlord's insurance carrier and thus subjected the Plaintiff to claims for damages by the Landlord against the Plaintiff.

WILLIAMS, WALSH & O·CONNOR, LLC
37 BROADWAY, FIRST FLOOR ≥ NORTH HAVEN, CONNECTICUT 06473-2304
TELEPHONE: (203) 234-SPI·· FACSIMILE: (203) 234-SPI·· JURIS NO. 421162

o.    On or about November 13, 2018, the Plaintiff's Landlord for the rented Premises sent correspondence to the Plaintiff indicating that the Landlord would be initiating a claim against Swift Half, LLC for damages caused to the rented Premises as a result of a fire, noting in the letter, "We understand that you tendered our claim against you to your insurance company, however your insurer has failed to properly respond to date. Due to the lack of response, our insurance agent contacted Bill Harris of Specialty Insurance Agency on 10/30/2018 to clarify the nature of our claim, however Mr. Harris chose not to acknowledge the claim, despite being put on constructive notice. Specialty Insurance Agency on behalf of your general liability carrier is well aware of your liability for this claim. However, Mr. Harris' inaction constitutes a delay of payment of this claim on your behalf despite liability being clearly established against you for the claim. As a result of Mr. Harris' refusal to take proper action in response to our claim against you, damages are continuing to incur for which we will be seeking reimbursement."

p.    On or about November 19, 2018, the Defendant, by and through its agents, representatives, and/or employees, sent correspondence to the Plaintiff's Landlord stating, "The policy with American Automobile Insurance Company extends coverage for fire damage sustained to the building in the amount of $100,000 for premises rented to our insured, for any one fire, provided our insured is found to have been negligent in causation of the fire."

q.      On or about December 19, 2018, the Defendant, by and through its agents, representatives, and/or employees, sent correspondence to the Plaintiff stating that "repairs should have been completed within 3 weeks of the date of loss," but provided no other information about insurance coverage for effectuating or otherwise covering the costs of repairs.

r.      On or about February 4, 2019, the Landlord for the rented Premises initiated an action for Summary Process Eviction of the Plaintiff from the rented Premises.

s.      On or about February 22, 2019, the Defendant, by and through its agents, representatives, and/or employees attempted to offer a settlement with the Plaintiff in the amount of $7,003.79 for "business income loss", an amount wholly and knowingly inadequate to cover the losses suffered by the Plaintiff.

t.      By February 22, 2019, the Plaintiff had been evicted from the Premises, had lost all good will of business with its customers, had lost all staff, had lost all inventory, and was not able to reopen its business due to the Defendant's actions with respect to the handling of the Plaintiff's claim.

18.   The Defendant, by engaging in the aforementioned deceptive, oppressive, unethical, immoral, and unscrupulous conduct and failing to effectively evaluate and effectuate a fair solution to the Plaintiff's claim for insurance coverage under the Plaintiff's policy, has conducted itself in a business practice to place the Plaintiff at a disadvantage and otherwise harm the Plaintiff in direct violation of the Connecticut Unfair Insurance Practices Act.

19. Upon information and belief, the Defendant, its agents, representatives, servants, and/or employees has in the past and continues to commit the types of acts and conduct alleged above with respect to other insureds and policyholders of the Defendant and its affiliates so as to constitute a general business practice in direct violation of the Connecticut Unfair Insurance Practices Act.

20. As a direct and proximate result of the Defendant's conduct with respect to handling the Plaintiff's claim, the Plaintiff suffered harm and damages, including, but not limited to, monetary damages, complete loss of business, loss of inventory, loss of investment, and having to defend itself as a party to adverse legal action against the Plaintiff by Plaintiff's Landlord, as well as other costs including attorney's fees and costs, interest, and general expenses for litigation and experts.

WHEREFORE, the plaintiff claims:

a)      Money damages;

b)      Pre and Post Judgment Interest;

c)      Attorney's fees and costs;

d)      Punitive damages; and

e)      Any other relief which the court deems equitable and appropriate.


Hereof fail not but of this writ with your doings thereon make due return according to the law.

Dated at North Haven, Connecticut this 21st day of November, 2019.



THE PLAINTIFF

BY: _____
DANIEL J. SEIDEN, ESQ.
Williams, Walsh & O'Connor, LLC
37 Broadway, 1st Floor
North Haven, CT 06473
(203) 234-6333
Juris # 421162

RETURN DATE: DECEMBER 17, 2019      :      SUPERIOR COURT

SWIFT HALF LLC                       :      J.D. OF NEW HAVEN

V.                                  :      AT NEW HAVEN

AMERICAN AUTOMOBILE INSURANCE
COMPANY                      :      NOVEMBER 21, 2019

## **STATEMENT OF DEMAND**

The plaintiff claims money damages in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS.

THE PLAINTIFF

BY: _____

DANIEL J. SEIDEN, ESQ.
Williams, Walsh & O'Connor, LLC
37 Broadway, 1st Floor
North Haven, CT 06473
(203) 234-6333
Juris # 421162